# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | C.A. No.: 2:09-CR-1223-PMD |
| v. | ) | |
| | ) | |
| Frederick Lamar McBride | ) | **ORDER** |
| | ) | |
| _____ | ) | |

This matter is before the Court upon Defendant Fredrick Lamar McBride's ("Defendant") Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33. The Defendant was represented by Robert Haley, Federal Public Defender, before this Court in a jury trial on April 14, 2010 through April 15, 2010. The Defendant was found guilty on all counts of the indictment on April 15, 2010. In support of the motion, Defendant claims that his trial attorney, Robert Haley, Federal Public Defender, asked to be removed from further representation of the Defendant on June 30, 2010 because Haley claimed that he had a conflict of interest and could no longer represent the Defendant. On June 30, 2010, Magistrate Judge Carr found that Haley had a conflict and removed him from further representation of Defendant. On July 7, 2010, Nancy Chiles, Esquire, was appointed to represent Defendant. On August 26, 2010, Defendant filed his motion for new trial.

The Court finds that Defendant's motion is untimely. Federal Rule of Criminal Procedure 33 provides that a motion for new trial must be filed within 3 years if grounded on newly discovered evidence and within 14 days if grounded on any reason other than newly discovered evidence. The Fourth Circuit Court of Appeals has noted that information giving rise to ineffective assistance claims does not constitute newly discovered evidence for purposes of Rule 33. *U.S. v. Garcia,* 77 F.3d 471 (4th Cir. 1996); *U.S. v. Smith,* 62 F.3d 641, 648 (4th Cir.

1

1995) ("a motion for a new trial predicated on ineffective assistance of counsel must be brought, if at all, within seven days of judgment regardless of when the defendant becomes aware of the facts which suggested to her that her attorney's performance may have been constitutionally inadequate"); *U.S. v. Stockstill*, 26 F.3d 492, 497 (4th Cir. 1994). Therefore, the Defendant's motion for a new trial based on the alleged conflict of interest of his trial counsel should have been filed within 14 days after the verdict. Because the motion was filed more than 4 months after the verdict, the Court finds the motion to be untimely. Moreover, Defendant's motion based on Haley's conflict of interest should be filed as a § 2255 petition with supporting memorandum addressing his claims under the criteria set forth in *Strickland v. Washington,* 466 U.S. 668 (1984); *U.S. v. Stockstill*, 26 F.3d 492 (4th Cir. 1994).

## CONCLUSION

For the foregoing reasons, it is **ORDERED** that Defendant's motion for a new trial is **DENIED.**

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**August 31, 2010**
**Charleston, SC**